THE STATE v. PURDIE JACOBS.

*Evidence— Witness— Guilt of Other Persons.*

1. The fact that one person charged in the same bill has been convicted of the crime alleged is no bar to the conviction of the other parties indicted.

2. A witness whose credibility has been assailed by the cross-examination may be corroborated by evidence of prior consistent declarations and events.

Indictment for Murder, tried before *Brown, J.*, at May Term, 1890, of ROBESON Superior Court.

The appellant prisoner and three others were indicted together for the murder of Candis Arps. Upon their arraignment, they severally pleaded "not guilty."

On the trial, a witness for the State, Alexander Oxendine, testified that he was present when the prisoner shot the deceased. He stated that others also fired guns at her. On his cross-examination, which tended to impeach his testimony, he said: "'I testified, on my trial" (he had been indicted and tried for the same offence), "that Make and I did nothing, but that Purdie (the appellant) and Steve Jacobs did the shooting at Mrs. Arps. I did not know myself where Mrs. Arps lived, and don't know the date when she was shot."

Another witness for the State, Atlas Oxendine, testified that he saw the prisoner and others indicted with him "going towards Mrs. Arps' the evening before she was shot. Early next morning, on Saturday, saw prisoner and Steve Jacobs and Alex. Oxendine near the Pot Jacobs place, between prisoner's house and Mrs. Arps'. They were going towards prisoner's house. Purdie (the prisoner) asked, 'How far going?' Purdie said 'he had been to 'Squire McIntyre's.' He went on to say, 'Secrets are out; you will be apt to get into them, and don't say anything about seeing this morning, or it will not be good for you.'"

Witness, cross-examined at length by prisoner's counsel, also stated that he made statement of above to 'Squire McIntyre.

'Squire McIntyre was also examined for the State, and testified that the prisoner was at his house early the next morning after the homicide; "that twenty minutes after prisoner left, Atlas Oxendine (witness next above mentioned) came to his house and stated that he saw Purdie and Steve Jacobs and Alex. Oxendine early that morning, and that Purdie said not to tell that he saw them, or it would not be good for him." This statement of Atlas Oxendine to witness

STATE *v.* JACOBS.

was objected to by the prisoner. The State offered it only to corroborate Atlas Oxendine. Objection overruled. Exception by prisoner.

There was a verdict of guilty, and judgment thereupon of death.

There was a motion for a new trial, the prisoner assigning as error—

"1. That the exception to admission of evidence of witness McIntyre above set forth," was not sustained.

"2. Because the Court failed to instruct the jury that they should not believe Alex. Oxendine's testimony, because he could not state any date or night when Mrs. Arps was shot." (The Court did fail to so charge the jury.)

The motion was overruled.

The prisoner also moved in arrest of judgment upon the ground that "it appeared from the record that Steve Jacobs and Alex. Oxendine had already been convicted of the same murder of Mrs. Arps on this bill of indictment."

The motion was denied, and the prisoner excepted, and appealed to this Court.

*The Attorney General,* for the State
*Mr. William Black,* for the defendant.

MERRIMON, C. J.—after stating the facts: There is no merit in any of the prisoner's exceptions. The motion in arrest of judgment is wholly without force. That two of the persons indicted with the prisoner for the murder charged in the indictment had been tried and convicted could not relieve or excuse him from answering for the crime charged against him. He and they were alike guilty, and it can make no difference that two of them were tried at one time and the prisoner at another.

As to the first exception to evidence, it appears, from the nature of the evidence of the witness Atlas Oxendine and

the character of his cross-examination, that the purpose of the prisoner was to impeach his testimony. It was competent, therefore, to corroborate him by proving that he had, before the trial, stated to the witness McIntyre, in substance, part of the material facts stated by him on the trial. This is settled. *State* v. *Whitfield*, 92 N. C., 831; *State* v. *Rowe*, 98 N. C., 629; *State* v. *Brewer*, 98 N. C., 607; *State* v. *Morton*, decided at this term.

The evidence of the witness Alexander Oxendine was relevant and competent. The Court had no authority to tell the jury that they should not believe it. It was their province to believe or disbelieve it. That the witness himself could not tell where the deceased lived, nor the time when she was shot, did not destroy his testimony. That he did not might or might not go to his discredit, this depending upon attending facts, as to his opportunities, length of time, &c.

We have carefully examined the record, and find it in all respects sufficient to warrant the judgment. There is no error, and the judgment must be affirmed.

Affirmed.